IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**TERRY FOSTER and**  **PLAINTIFFS**
**JANIE BREWER**

v.   CASE NO. 3:20-CV-00285-BSM

**INTERNATIONAL BROTHERHOOD OF**
**ELECTRICAL WORKERS, LOCAL 558,** *et al.*   **DEFENDANTS**

**ORDER**

The motion to dismiss for lack of personal jurisdiction of IBEW 558 and William Crosswhite ("558 defendants") [Doc. No. 21] is granted, and the John Doe defendants are dismissed *sua sponte*.

Specific jurisdiction concerns "causes of action arising from or related to a defendant's actions within the forum state," and general jurisdiction concerns "the power of a state to adjudicate any cause of action involving a particular defendant.*" Miller v. Nippon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008). To be subject to general jurisdiction, an organization's contacts with the forum state must be "so continuous and systematic as to render [it] essentially at home in the forum state.*" Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014); *see also Burlington Indus. v. Maples Indus.*, 97 F.3d 1100, 1102 (8th Cir. 1996).

There is no general jurisdiction over the 558 defendants or the John Doe defendants because they do not maintain "continuous and systematic" contacts with Arkansas. *Bauman*, 134 S.Ct. at 760. IBEW 558 is a labor organization located in Alabama, and it represents electricians in Alabama and Tennessee. Mot. Dismiss at 2, Doc. No. 22. None of its 2,500

members reside in Arkansas. Decl. Tony Quillen ¶ 3, Doc. No. 22-1. IBEW 558 may only refer electricians to contractors within its geographic jurisdiction. Mot. Dismiss at 3; Bylaws Article I, Ex. 1, Doc. No. 22-1. Crosswhite is a dispatcher for IBEW 558, and he does not live or work in Arkansas. *See* Decl. William Crosswhite, Doc. No. 22-1. The John Does are members of the IBEW 558 executive board. Compl. ¶ 72, Doc. No. 2.

There is no specific jurisdiction over the 558 defendants or the John Does because plaintiffs' allegations do not arise from any actions taken by the 558 defendants in Arkansas. *Miller*, 528 F.3d at 1091. Terry Foster alleges that IBEW 1516 Secretary, Sandra Lee, told Foster's prospective employer in Alabama that he was a "troublemaker." Compl. ¶¶ 8, 32. After that, Crosswhite informed Foster that he was terminated from the prospective position in Alabama. *Id*. ¶ 32. These facts do not support that the 558 defendants had minimum contacts with Arkansas, such that they could reasonably expect to be haled into court here. *Walden v. Fiore,* 571 U.S. 277, 285 (2014). To the extent that plaintiffs argue personal jurisdiction based on the theory that the 558 defendants conspired with the already-dismissed 1516 defendants, *see* Doc. No. 33, that argument is rejected since the "defendant, not the plaintiff or third parties . . . must create contacts with the forum State." *Fiore*, 571 U.S. 277 at 291.

IT IS SO ORDERED this 2nd day of June, 2021.

_____
UNITED STATES DISTRICT JUDGE